UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| JAMES A. HARNAGE, : | |
| Plaintiff, : | |
| : | Civil No. 3:20-cv-53(AWT) |
| v. : | |
| : | |
| ROLLIN COOK, et al., : | |
| Defendants. : | |

**RULING AND ORDER**

The plaintiff, James A. Harnage filed this action pro se, pursuant to 42 U.S.C. § 1983. On January 29, 2020, the court denied the plaintiff's motion to proceed in forma pauperis in this action and directed him to tender the filing fee within twenty days. The plaintiff did not do so. On April 14, 2021, the plaintiff filed a motion to reopen this case and amend his complaint. He did not tender the filing fee with his motion. On April 22, 2021, the court denied the motion to reopen and informed the plaintiff that he could file a new action when he could pay the filing fee. ECF No. 16. The plaintiff seeks reconsideration of that decision.

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data the court overlooked-—matters, in other words, that might reasonably

be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). This district's Local Rules state that: "Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order" and require that the motion "be accompanied by a memorandum setting forth concisely the controlling decisions or data the movant believes the court overlooked." D. Conn. L. Civ. R. 7(c)1. "Reconsideration is not intended for the court to reexamine a decision or the party to reframe a failed motion." Fan v. United States, 710 F. App'x 23, 24 (2d Cir. 2018) (citing Questrom v. Federated Dep't Stores, Inc., 192 F.R.D. 128, 130 (S.D.N.Y. 2000); accord Shrader, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

In addition, a motion for reconsideration must "be filed and served within seven (7) days of the date of the filing of the decision or order from which such relief is sought." D. Conn. L. Civ. R. 7(c)1.

The local rule requires that motions for reconsideration be filed within seven days from the date of the ruling. The

Initial Review Order was filed on April 22, 2021.  Thus, the plaintiff was required to file his motion for reconsideration by April 29, 2021.  Prisoner documents are considered filed as of the date they are given to correctional staff for mailing.  See Noble v. Kelly, 246 F.3d 93, 97 (2d Cir.) (discussing prison mailbox rule), cert. denied, 534 U.S. 886 (2001).  The plaintiff's motion, although dated and certified as given to correctional staff on May 6, 2021, was not scanned and emailed to the court until May 19, 2021.  Crediting the plaintiff's certification, he filed his motion a week too late.  Thus, the motion is denied as untimely filed.

In addition, even if the motion was timely, it should be denied.  The plaintiff states that the court misunderstood his motion as seeking to use monies held by the Department of Correction to satisfy filing fee obligations in other cases to pay the filing fee in this case.  That misunderstanding, however, does not alter the decision to deny the motion to reopen.  The court denied the motion to reopen because the plaintiff did not submit the filing fee with his motion.  The court instructed the plaintiff that he could file a new action asserting the claims in his Amended Complaint by submitting a

complaint with the filing fee.  The plaintiff points to no facts that would alter this decision.

The order to pay the filing fee was issued over a year ago. The plaintiff made no effort to pay the fee or even contact the court for six months after his appeal of the order requiring him to pay the fee was dismissed because it "lacked an arguable basis in either law or fact."  Mandate (ECF No. 12).  Now he states that he can have a third party pay the fee on his behalf and seeks another month to do so.  The court declines to extend further the time to pay the filing fee in this case.

The plaintiff will suffer no prejudice if he files a new action. If he wishes to pursue the claims in the Amended Complaint he may do so by filing a new action and submitting the filing fee at the time he files the complaint.

The plaintiff's motion for reconsideration [ECF No. 17] is hereby DENIED as untimely filed.

It is so ordered.

Signed this 10th day of June 2021 at Hartford, Connecticut.

                              /s/AWT
                        Alvin W. Thompson
                  United States District Judge